# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

JOSEPH GONZALEZ, as the )
Personal Representative of the )
Estate of Tshante Gonzalez, )
Deceased, )
         )
         Plaintiff, )
         )
v. )      Case No. CIV-24-1022-D
         )
THE COMANCHE COUNTY )
FACILITIES AUTHORITY )
et al., )
         )
         Defendants. )

## REPORT AND RECOMMENDATION

Plaintiff Joseph Gonzalez filed suit on behalf of his deceased wife, Tshante Gonzalez (Ms. Gonzalez), who was a pretrial detainee in the custody of the City of Lawton and the Comanche County Facilities Authority (CCFA) before her death by "septic shock with multiorgan failure from a MRSA (methicillin resistant staphylococcus aureus) pneumonia infection." Doc. 1, at 4, 19-20.[1] His remaining claims are against Defendant CCFA, operator of the Comanche County Detention Center (CCDC) in Lawton, Oklahoma; and William Hobbs, who served as the Administrator of the CCDC at the time of

---

[1]      Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

Ms. Gonzalez's detainment. *See id.* at 5; *see also* Docs. 76, 81-83.[2] Plaintiff asserts violations of the Fourteenth Amendment under 42 U.S.C. § 1983 against both Defendants. Doc. 1, at 60-63, 66-69. Plaintiff also asserts a negligence claim against CCFA under Oklahoma law. *Id.* at 63-66.

Chief United States District Judge Timothy D. DeGiusti referred this matter to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). Doc. 4. Plaintiff moves for partial summary judgment against CCFA on the scope of its immunity under the Oklahoma Governmental Tort Claims Act (OGTCA). Doc. 71. CCFA responded, Doc. 72, and Plaintiff replied, Doc. 73. Plaintiff also filed a notice of supplemental authority. Doc. 75. The matter is now at issue. The Court should agree with Plaintiff and find that CCFA is not immune from suit for Plaintiff's negligence claim. Whether CCFA acted with negligence as Plaintiff alleges is an issue for another day.

---

[2]    Judgment has been entered against "Defendants City of Lawton, Brandy Kirkpatrick-Benton, James Smith, and any and all John/Jane Doe Defendants to the extent they are alleged to be or have been employees of the City of Lawton at the relevant time period." Doc. 83, at 1; Doc. 76.

## I.    Undisputed Material Facts.[3]

Ms. Gonzalez was incarcerated at the CCDC from May 3 to May 4, 2023. Doc. 71, at 2; Doc. 72, at 1. CCFA is a public trust which operates the CCDC. Doc. 71, at 2; Doc. 72, at 1. "Comanche County is . . . the sole beneficiary of the CCFA[.]" Doc. 71, at 2; *see* Doc. 72, at 2.

Since 2003, CCFA has housed federal inmates and detainees at the CCDC under an Intergovernmental Agreement with the United States Marshals Service. Doc. 71, at 2-3; Doc. 72, at 2. CCFA also "houses . . . inmates/detainees with holds placed on them from other states at the CCDC" and has agreements with the Comanche Nation Tribe of Oklahoma and the United States Army Garrison (Fort Sill) to house "inmates/detainees brought by the Tribe" and "military inmates/detainees." Doc. 71, at 3; see Doc. 72, at 2.

## II.    Standard of review.

Defendant CCFA objects to the Court's consideration of Plaintiff's motion under Fed. R. Civ. P. 56 as "adjudication of purely legal issues of statutory applicability . . . are simply not contemplated or authorized under Rule 56(a)." Doc. 72, at 2-5.

---

[3]    The undersigned writes the undisputed material facts in the present tense for simplicity, but the parties agree that they were true "at the time of [Ms. Gonzalez's] detention and at the time this lawsuit was filed." Doc. 71, at 2; Doc. 72, at 1-2.

Contrary to CCFA's argument, "[s]tatutory interpretation is a matter of law appropriate for resolution on summary judgment." *Thomas v. Metro. Life Ins. Co.*, 631 F.3d 1153, 1160 (10th Cir. 2011); *Lucas v. Turn Key Health Clinics, LLC*, 58 F.4th 1127, 1148 (10th Cir. 2023) ("The proper route in this instance without further guidance from Oklahoma courts is to determine the OGTCA's applicability to private corporations — and their employees — that contract with the state to provide medical services at the summary judgment stage if the factual record is sufficiently developed and the facts are uncontroverted."); *see, e.g.*, *Fogel v. Shelter Mut. Ins. Co.*, 728 F. Supp. 3d 1171, 1180 (D. Colo. 2024) ("Courts routinely enter *partial* summary judgment in favor of plaintiffs when they satisfy their burden with respect to liability but not damages."); *Kaiser v. At The Beach, Inc.*, 2010 WL 5114729, at *9, 14 (N.D. Okla. Dec. 9, 2010) (analyzing plaintiffs' Fair Labor Standards Act (FLSA) statutory exemption argument under Rule 56); *cf.* 10B WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 2734 (4th ed.) ("A motion for summary judgment . . . . may be made by [a] plaintiff to test a defense's sufficiency."). Accordingly, the undersigned analyzes Plaintiff's motion pursuant to Rule 56.

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if the facts and evidence are such that a reasonable jury could return a verdict for the nonmoving party. *Id*. All facts and reasonable inferences must be viewed in the light most favorable to the nonmovant. *Id*. at 255. The inquiry is whether the facts and evidence identified by the parties present "a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*. at 251-52.

## III. The OGTCA Does Not Immunize CCFA from Plaintiff's State-Law Negligence Claim.

Plaintiff asserts a negligence claim under Oklahoma law against Defendant CCFA. Doc. 1, at 63-66. The OGTCA provides "the exclusive remedy for an injured plaintiff to recover against a governmental entity in tort" under Oklahoma law. *Tuffy's, Inc. v. City of Okla. City*, 212 P.3d 1158, 1163 (Okla. 2009). Generally, the OGTCA provides immunity from tort claims against "[t]he state, its political subdivisions, and all of their employees acting within the scope of their employment . . . [,]" including a "claim [which] results from . . . [p]rovision, equipping, operation or maintenance of any prison, jail or correctional facility." OKLA. STAT. tit. 51, §§ 152.1(A), 155(25). But the OGTCA does contain a limited waiver for the state and its political subdivisions "to the extent and in the manner provided" in the Act. OKLA. STAT. tit. 51, § 152.1(B).

Relevant to Plaintiff's motion is OKLA. STAT. tit. 51, § 153.1:

> Nothing in the [OGTCA] shall be construed as allowing an action or recovery against this state, against any city, town or county that is the sole beneficiary of a public trust, or against any employee of this state or any city, town or county of this state due to the housing of federal inmates or inmates from another state in facilities owned or operated by private prison contractors. If a public trust that has as its sole beneficiary a city, town or county has a facility that houses federal inmates or inmates from another state, the immunity provided for in the [OGTCA] shall not apply to that trust.

Here, the parties do not dispute that CCFA is a public trust that has Comanche County as its sole beneficiary and that CCFA operates a facility that houses federal inmates or inmates from another state. Doc. 71, at 2-3; Doc. 72, at 1-2. Under the clear language of the statute, therefore, the OGTCA affords no immunity to CCFA for Plaintiff's state-law negligence claim. *See Jones v. Comanche Cnty. Facilities Auth.*, No. CIV-25-385-PRW, 2026 WL 660452, at *2 (W.D. Okla. Mar. 9, 2026) ("CCFA battles the plain text of the statute. Plaintiff has pleaded that CCFA is a public trust which houses federal inmates, and that Comanche County is the trust's sole beneficiary."); *Bonilla v. Gerlach*, No. CIV 23-1060-R, 2024 WL 457172, at *2 (W.D. Okla. Feb. 6, 2024) ("Plaintiff has alleged that the GCCJA is a public trust, that it houses federal inmates, and that it has a county as its sole beneficiary. Under those circumstances, § 153.1 provides that 'the immunity provided for in the [OGTCA] shall not apply to that trust.'"). The undersigned recommends that the Court reject CCFA's

6

arguments related to legislative intent as "courts in this District have previously rejected similar iterations of CCFA's argument." *Jones*, 2026 WL 660452, at \*2 (citing *Bonilla*, 2024 WL 457172, at \*2). Accordingly, the undersigned recommends that the Court grant Plaintiff's motion, and hold that CCFA is not immune from suit on Count Three of the complaint.

## IV.    Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends the Court grant Plaintiff's motion for partial summary judgment, Doc. 71.

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of this Court on or before April 29, 2026, in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises the parties that the failure to make a timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation does not terminate the referral to the undersigned Magistrate Judge in this matter.

**ENTERED** this 15th day of April, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE

7